**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION**

| | | |
|---|---|---|
| **NATALIE CHEEK,** | ) | |
| | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO. 5:25-cv-203 (MTT)** |
| | ) | |
| **JOHNNYS MACON LLC,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

The terms of the Stipulated Protective Order, as modified by the Court below, are incorporated as the Order of this Court. To the extent the Stipulated Order conflicts with the Scheduling Order, the Court's Scheduling Order controls, and the parties shall comply with its directive for discovery disputes.

THE COURT ALERTS THE PARTIES THAT IT HAS ADDED A FINAL ADDENDUM TO THIS PROTECTIVE ORDER THAT WAS NOT INCLUDED IN THE STIPULATED ORDER SUBMITTED TO THE COURT.

The Court HEREBY ORDERS:

1.      Each party shall have the right to mark or designate as "Confidential" and subject to this Order documents and other materials that may be accorded "Confidential" protection. All information and documents which any party to this litigation designates as "Confidential" shall be used by the Parties solely for the purposes of this litigation.

2.     Any document or thing may be marked or designated as "Confidential" by either party by placing a clearly legible "Confidential" stamp on the document or thing to be designated, or by giving written notice to the other party of the confidential nature of a document. Such notice shall clearly identify the document designated as "Confidential."

3.     In lieu of marking or designating the original of a document or thing as "Confidential," if the original is not produced, a party may mark or designate the copies that are produced or exchanged.

4.     A party may mark or designate as "Confidential" documents or things that are first produced by another party without the designation.

5.     "Confidential" documents or things may only be shown or distributed to Qualified Persons as described in this Order and shall not otherwise be distributed, shared, published, disclosed, or filed with the Court (unless filed under seal, as provided for in paragraph 7 of this Order).

6.     As used herein, "Qualified Person" means:

a)     Attorneys of record in this litigation and employees of such attorneys to whom it is necessary that the material be shown for the purposes of this litigation;

b)     Individual Parties and designated employee representatives of the Parties who are assisting with this litigation;

c)     Independent persons retained by counsel to furnish technical or expert services, each of whom shall sign a copy of this Order, affirming that he or she is bound by the terms of this Order, or, in lieu of signing a copy of this Order,

counsel shall agree to explain the requirements of this Order to every such individual;

d)      Fact witnesses, who may testify or assist in this litigation, each of whom shall sign a copy of this Order, affirming that he or she is bound by the terms of this Order, or, in lieu of signing a copy of this Order, counsel shall agree to explain the requirements of this Order to every such individual;

e)      Any mediator chosen by or for the Parties in this action, including any mediator appointed by the Court; and

f)      Any other person who is designated as a Qualified Person by Order of the Court, after notice to all Parties.

7.      Documents designated as "Confidential" shall not be filed in the public record absent further order of the Court. A party seeking to file such material under seal must first obtain leave of Court in accordance with applicable law and local rules. The designation of material as "Confidential" does not, by itself, authorize filing under seal.

8.      Qualified Persons pursuant to paragraphs 6(b), (c), (d), (e), and (f) to whom disclosure of Confidential documents or information is made shall not discuss the Confidential documents or information or disseminate said documents or information to any person other than a Qualified Person.

9.      The Parties may designate documents or things as "Confidential – Attorneys' Eyes Only" only if such materials contain trade secrets or other highly sensitive proprietary business information, the disclosure of which to another party would create a substantial risk of competitive or business harm. For example, and without limiting the ability of a Party to designate any "Confidential" information or

-3-

document as "Confidential – Attorneys' Eyes Only," such Confidential information or documents could include trade secrets or other proprietary business data/information that could be misused or cause harm if broadly disclosed. "Confidential – Attorneys' Eyes Only" information shall not be disclosed to any person other than counsel for the parties in this action who are actively engaged in the conduct of this litigation, and the partners, associates, secretaries, legal assistants, and employees of such counsel, to the extent reasonably necessary to render professional services in the litigation.

10.     In accordance with Federal Rule of Civil Procedure 26(b)(5)(b), if information produced in discovery is subject to a claim of privilege or of protection as trial-preparation material, the party making the claim may notify any party that received the information of the claim and the basis for it. After being so notified, the notified party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The producing party must preserve the information until the claim is resolved. The inadvertent, unintentional disclosure in this litigation by a party of its own designated "Confidential" and/or privileged document or information, regardless of whether the information was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality and/or privilege, either as to the specific information disclosed or as to any other information relating thereto or on the same or related subject matter. The receiving party upon receiving a privilege log identifying the document remains free to challenge any claim of privilege or

-4-

protection, but shall not make any claim that the production of the document was a waiver of any privilege or protection. Moreover, absent a ruling that the document or information at issue is not privileged or protected, a receiving party may not disclose or make any use whatsoever of the information disclosed in or derived from the document or information at issue. Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that appear on their face to be privileged and to disclose to the producing party that such materials have been produced. Pursuant to Federal Rule of Evidence 502(d), the disclosure of privileged or work-product protected information in this litigation shall not constitute a waiver of such privilege or protection in this or any other federal or state proceeding.

11.     A party shall not be obligated to challenge the propriety of a "Confidential" or "Confidential – Attorneys' Eyes Only" designation at the time made, and failure to do so shall not preclude a subsequent challenge thereto. In the event that any party to this litigation disagrees at any stage of these proceedings with the designation by the designated party of any document or information as "Confidential" or "Confidential – Attorneys' Eyes Only" the Parties shall first try to resolve such dispute in good faith on an informal basis. If the dispute cannot be resolved, either party may seek appropriate relief from the Court. Nothing in this Order is intended to alter or shift the burden of the party that designated the information as "Confidential" or "Confidential – Attorneys' Eyes Only" to establish the confidential nature of the information. The Parties may by stipulation provide for exceptions to this Order and any party may seek an order of the Court modifying this Order. This Order shall be without prejudice to either party to bring

before the Court at any time the question of whether any particular information or document should, or should not, in fact be accorded "Confidential" status.

12.     Counsel for the Parties may, in the course of deposing any person, show the witness "Confidential" documents or information and examine the witness concerning such documents and information, provided that:

a)     The witness is informed that the information is designated as "Confidential" and is instructed that such confidentiality must be maintained; and

b)     No persons are present during those portions of the examination concerning Confidential information except the witness, Qualified Persons, Claimant's and Respondent's counsel, and/or persons properly present at the request of a party or their counsel and a court reporter, provided that each such witness viewing the Confidential information or documents agrees to be bound by the terms of this Order and signs a copy thereof in addition to identifying the Confidential information and documents disclosed to the witness, or in lieu of signing a copy of this Order, the attorney that is deposing the witness shall agree to explain the requirements of this Order to every such individual.

c)     Witnesses to whom disclosure of Confidential documents or information is made pursuant to this paragraph shall not discuss the Confidential documents or information or disseminate said documents or information to any person other than a Qualified Person.

d)     The Parties agree that the witness does not thereby become a "Qualified Person" as that term is defined herein, and instead is only permitted

access to Confidential documents or information within the limits of this paragraph.

13.     Unless the Court orders or the Parties agree in writing otherwise, within thirty (30) days after the conclusion of this litigation, all originals and reproductions of any documents or materials which have been designated and remain "Confidential" or "Confidential – Attorneys' Eyes Only" pursuant to this Order, including, without limitation, any notes, summaries, or other transcripts made therefrom, shall be returned to the producing party upon request in writing, unless such copies have been destroyed and the destruction thereof has been certified in writing to the other party by counsel for the party previously in possession of such "Confidential" or "Confidential – Attorneys' Eyes Only" information. The receiving party, and more specifically the Qualified Persons, shall not make copies of the Confidential documents or information, except as necessary for the conduct of the litigation; however, the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain confidential in perpetuity consistent with the terms of this Order. Insofar as this Order restricts the communication and use of the Confidential documents or information, the Order shall continue to be binding after the conclusion of this litigation, except that a party may seek the written permission of the designating party with respect to dissolution or modification of this Order, or any provision thereof.

14.     It is not a violation of the terms of this Order to offer any of the documents or information designated as "Confidential" pursuant to this Order as evidence at trial or a court hearing. Likewise, this Order does not limit or preclude a party from seeking to maintain the confidentiality of evidence proffered or admitted at trial or a court hearing.

-7-

15.     In the event that any party shall violate or threaten to violate the terms of this Order, the aggrieved party may immediately apply to the Court for injunctive relief against any such violation.

ADDED BY THE COURT: The Court finds that good cause exists for the entry of this order with the following condition. Notwithstanding anything to the contrary in the foregoing order, the Court finds that it shall not apply to exclude evidence from public disclosure when that evidence is relied upon in support of or opposition to any motion or relevant in any hearing or trial.

If a party seeks to rely upon any evidence covered by this protective order in support of or in opposition to any motion or during any hearing or trial, that party shall notify the opposing party at least 14 days prior to filing the motion and/or 14 days prior to the hearing or trial. The party opposing public disclosure shall have 7 days to file a motion to require the materials to be filed restricted to case participants. The motion shall: (1) briefly state a compelling reason in support of the request to file the information restricted to case participants; (2) certify that the party has conferred with opposing counsel; (3) identify the number of documents that the party anticipates will need to be filed restricted to case participants; and (4) describe the information that will be redacted.

The Court will closely scrutinize any such requests at that time, with the presumption that any evidence shall be part of the public record. Accordingly, when materials are to be used in the foregoing manner, a party will not be allowed to file the materials restricted to case participants simply because they are covered by this discovery protective order. If it becomes necessary to reference designated-confidential

-8-

materials in an order, the Court will reassess whether the materials shall remain confidential.

If the Court grants the motion to file the materials restricted to case participants, the party relying on the evidence covered by this protective order shall do the following:

First, the party will file the redacted documents on the public docket. For example, if a party is relying on protected information in support of a motion for summary judgment, the party will file the memorandum in support of the motion and *all* exhibits *in one docket entry* with redactions where appropriate. It is not appropriate to redact an entire document or file a "placeholder" (i.e., a document that simply directs a reader to a restricted document). It is not appropriate to have separate docket entries for motions and exhibits.

Second, the party will file a "copy" or "mirror image" of the entire first filing without redactions as restricted to case participants. For example, if a party is relying on protected information in support of a motion for summary judgment, the party will re-file the memorandum in support of the motion and re-file *all* exhibits (even exhibits that were not redacted) *in one docket entry* without redactions. It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing.** The party should identify the redacted information using a red box. The party must complete this second filing the same day as the first filing.

If the response (and reply) to a motion filed restricted to case participants also refers to protected information, the party will file the response (and reply) as follows:

First, the party will file their response and any exhibits *in one docket entry* and *with redactions* on the public docket. It is not appropriate to redact an entire document or file a placeholder. It is not appropriate to have separate docket entries for responses and exhibits.

Second, the party will file their response and any exhibits *in one docket entry* and *without redactions* as restricted to case participants. It is not appropriate to have separate docket entries for motions and exhibits. **The exhibit numbers and CM/ECF page numbers of the second filing should match the exhibit numbers and CM/ECF page numbers of the first filing.** The party should identify the redacted information using a red box. The party must complete this second filing the same day as the first filing.

To file documents restricted to case participants, the party will select "restricted document – pursuant to protective order ONLY" under Other Documents in CM/ECF. The party will follow all of the prompts, including attaching the requested documents. The party will link the restricted filing to the public filing. Before submitting the entry, please review the text box to ensure the name description and document links are correct. If the party has questions regarding filing these restricted documents, the party will contact Kim Tavalero, Courtroom Deputy, at 478.752.0717 or kim_tavalero@gamd.uscourts.gov.

**SO ORDERED**, this 27th day of April, 2026.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

-10-